## MAYO & BROWN *v.* AVERY.

DEFENDANT executed a note to the order of his brother E. M. A., to be used by him for defendant's benefit in the purchase of goods, and E., the payee, deposited the note with plaintiffs as collateral security for his own debt, and afterwards paid this debt, or rather novated it, and substituted other security, but failed to take possession of the note: *Held,* that plaintiffs have no right to the note or its proceeds, because it was by this process redeemed from the pledge to plaintiffs, and E. had then a right to its possession, and would hold it as agent for defendant; and that this would be true whether the guaranty— "Waiving demand and notice, I hereby guarantee the payment of the within note, value received. Boston, Jan. 29th, 1857. Enoch M. Avery," endorsed on the note, vested the legal title in plaintiffs or not, or whether the note were overdue or not at the date of such endorsement.

Enoch M. Avery is a competent witness for defendant, as the effect of his testimony is to make himself liable on his guaranty, thus rendering his interest adverse to defendant.

APPEAL from the Sixth District.

Suit in the usual form upon a promissory note as follows, to wit:

"SACRAMENTO, June 29th, 1855.

"For value received, I promise to pay Enoch M. Avery, or order, five hundred dollars on demand, with interest.

"JOHN W. AVERY."

The note is endorsed thus:

"Waiving demand and notice, I hereby guarantee the payment of the within note, value received.

"BOSTON, Jan. 29th, 1857.        ENOCH M. AVERY."

There was no service of process upon Enoch M. Avery, and the

cause proceeded against·John W. Avery alone.    The answer is in substance a general denial of the facts averred in the complaint, with the admission, however, of the execution of the note.    It denies that Enoch M. Avery ever indorsed the note to the plaintiffs, and avers that if he did make the writing indorsed thereon, then the same was not an assignment but a guaranty, and was made long after the maturity of the note, and after it had been fully paid to Enoch M. Avery, and without any notice to the defendant.    It denies that the plaintiffs are the owners and holders of the note, or that a guaranty, which this indorsement is averred to be, can operate as an assignment of the demand; and further, that such indorsement was made without the privity or consent of the defendant, and as security for the individual indebtedness of Enoch M. Avery to the plaintiffs.    It further details that Enoch M. Avery is a resident of the State of Maine, and acting as the agent of defendant in the purchase of goods for the latter, who resides in the city of Sacramento, and that the note in question was sent by the latter·to the former to facilitate his purchases.    Upon the trial the plaintiffs, after putting in evidence the note and indorsement, proved by a witness that they had presented the same to the defendant about two weeks before the commencement of the action, and demanded payment; and that the defendant then admitted that the indorsement was that of his brother, Enoch M. Avery, and that he owed the amount of the note and offered to pay the same, without interest, in thirty, sixty and ninety days.    The defendant, under exceptions, then offered in evidence the deposition of Enoch M. Avery, and afterward that of his son Franklin Avery, who testified that he was present at an interview between Mr. Mills and his father, at which the former presented the note in question, when his father said that he had settled or paid it, but as he did not wish to be sued, he would pay five hundred dollars.

The Court found that defendant, John W. Avery, made the note sued on at Sacramento, California, and transmitted it by mail to his brother Enoch M. Avery, who resided in Maine, to·be used by him as security for the purchase of materials for building, such as sashes, door blinds, glass, etc., to be shipped to defendant at Sacramento—he being a lumber dealer in that city; that the note was in

due course of mail received by Enoch, who never disposed of it for the purposes for which it was executed, but long after it was due, if it had been lawfully applied, pledged the same to plaintiffs as collateral security for a debt of his own, which pledge was made without notice to defendant; that afterwards, before the institution of this suit, said Enoch settled with plaintiffs and novated the debt for which the note was pledged, and gave new and other security for the payment of that debt, but neglected to obtain possession of the note. As a conclusion of law, the Court found that the pledge of the note was without authority, and that by the novation aforesaid, the note was freed from all effects of the pledge, and that plaintiffs lost all interest in it; and that as Enoch M. Avery never appropriated the note as it was intended he should, he never had any right to it, and that it belongs to defendant.

Judgment for defendant, plaintiffs appeal.

*P. L. Edwards,* for Appellants.

I. The indorsement of the payee upon the note operated as a transfer to the plaintiffs, and carried the right to sue in their own names. (*Upham* v. *Prince,* 12 Mass. 14; *Kitchell* v. *Burns,* 24 Wend. 456; *Taylor* v. *Binney,* 7 Mass. 479; Story on Promissory Notes, 147 and note 2d, p. 159; 9 Mees & W. 429.)

II. The note was intended as a continuing security, and could under no circumstances become overdue, even as against the maker, until after demand of payment. (Parsons' Commercial Law, 102 and note 4; *Brooks* v. *Mitchell,* 12 Mees & W. 165; *Barough* v. *White,* 10 Eng. C. L. 600; *Linsley* v. *Beale,* 2 Geo. 134.)

III. Even if the note is to be regarded as overdue at the time of its indorsement, and was therefore subject to some of the equities subsisting between the maker and payee, still the plaintiffs, under the circumstances of this case, are entitled to protection as *bona fide* purchasers for valuable consideration. They are subject only to such defenses as attach to the note itself, and not to those arising out of collateral matters, such as the several recurring accounts between the maker and payee, and those between the latter and plaintiffs. The note was intended as a continuing security to be used for the benefit of the maker at any time thereafter; and

whether used for his benefit or not, can make no difference so long as there were no *mala fides* on the part of the plaintiffs. There had been no revocation of the secret authority to use the note at any time, and from its character the plaintiffs could take it in good faith at any time. (Parsons'· Commercial Law; 101;. Story on Prom. Notes, sec. 178 and note 5; *Borough* v. *Moss*, 21 Eng. C. L. 238; *Whitehead* v. *Walker*, 10 Mees & W. 696.)

In order to affect the note in the hands of the indorsee, the infirmity, equity or defense relied on must have existed against and attached to the note itself before the transfer, and not have arisen out of subsequent or collateral transactions. (*Robinson* v. *Lyman*, Conn. 31; *Linsley* v. *Beale*, 2 Geo. 134.)

And it must be proved that the note was transferred after due, and that the matter of defense existed at the time of the transfer. (*Cain* v. *Spann*, 1 McMullen, 258.)

IV. The testimony of the defendant is insufficient to support the findings and judgment. There is no evidence of any specific payments, either from the defendant to the payee, or from the latter to the plaintiffs. Besides, the indorser, under the circumstances of this case, was incompetent as a witness. He was directly interested, for his testimony is intended to prove payment, which would release him from all demands of both parties. (*Henderson* v. *Anderson*, 3 How. U. S. 73; 8 Greenl. Ev. secs. 383–4 and note 1, p. 499; 3 Pick. 184.)

*L. Sanders, Jr.* for Respondent.

1. The payee never indorsed the note. It was past due, and the writing placed on the back of it operated only as a written agreement to guarantee the payment of the amount expressed in the note. (Story on Prom. Notes, secs. 121, 134.) The terms employed show that it was not an indorsement, but a guaranty; hence the payee was a good witness for defendant, as his evidence was against his interest and would charge him on his guaranty on failure to recover of defendant.

2. It is assumed by plaintiff, the note being payable on demand, it was a continuing debt or security, and could under no circumstances become overdue as against the maker. The note, if of any

validity, was payable immediately after delivery; it then became a promissory note and payable at all events without notice or request, and could be sued for without demand. (Story on Prom. Notes, sec. 29.) The original debt for which the note was pledged was paid by giving another note with security.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

If the facts found by the Court and deposed to by the witness, Avery, be true, it seems to us that the judgment of the District Court is right. Whether the guaranty indorsed on the note by Enoch M. Avery, the payee, vested the legal title in the plaintiffs, and whether the note at that time were overdue, are not very essential questions, if it be true that the note was made by the defendant to be used by the payee, his brother, for the defendant's benefit in the purchase of goods, and the payee and agent deposited the note with the plaintiffs as collateral security for his own debt, and afterwards paid the debt or substituted other security for it. In either case, the plaintiffs here would have no right to the note or its proceeds. It would, by this process, have been redeemed from the pledge, and a right to its repossession result to Enoch, who would hold it as agent for his brother. The proofs are not very satisfactory that this was the real state of the case; but certainly the testimony of Avery tends strongly to that conclusion, and the Judge below gives credence to his statement.

We do not usually interfere with the findings of fact where there is any evidence to sustain them.

E. M. Avery was a competent witness for defendant. His interest would seem to be adverse to the defendant, since the effect of his testimony would be and is to make himself liable on his guaranty.

Judgment affirmed.